**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JoAn Ada Gividen,<br><br>    Plaintiff,<br><br>v.<br><br>Dr. Luciano Fochesatto, M.D., *et al.*<br><br>    Defendants. | No. CV-17-00118-TUC-JGZ (BGM)<br><br>**REPORT AND RECOMMENDATION** |

On March 15, 2017, Plaintiff JoAn Ada Gividen, filed a *pro se* Complaint (Doc. 1) alleging "medical malpractice, deliberate, malicious, diceitful [sic] imprisonment[,] [and] intentionally inflected emotional distress." Compl. (Doc. 1) Plaintiff did not immediately pay the $350.00 civil action filing fee, but filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2).

Pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure,[1] this matter was referred to Magistrate Judge Macdonald for Report and Recommendation. The Magistrate Judge recommends that the District Judge grant Plaintiff's IFP application and dismiss her Complaint (Doc. 1) with leave to amend.

. . .

---

[1] Rules of Practice of the United States District Court for the District of Arizona.

## I. APPLICATION TO PROCEED IN FORMA PAUPERIS

The Court may allow a plaintiff to proceed without prepayment of fees when it is shown by affidavit that she "is unable to pay such fees[.]" 28 U.S.C. § 1915(a)(1). Plaintiff's statement, made under penalty of perjury, establishes that Plaintiff is unemployed, and she receives disability payments and food stamps. The statement also indicates that Plaintiff has no assets. The Court finds Plaintiff is unable to pay the fees. The Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) should be granted.

## II. STATUTORY SCREENING OF PLAINTIFF'S COMPLAINT

This Court is required to dismiss a case if the Court determines that the allegation of poverty is untrue, 28 U.S.C. § 1915(e)(2)(A), or if the Court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Rule 8(a), Fed. R. Civ. P. While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Where the pleader is *pro se*, however, the pleading should be liberally construed in the interests of justice.

*Johnson v. Reagan*, 524 F.2d 1123, 1124 (9th Cir. 1975); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Nonetheless, a complaint must set forth a set of facts that serves to put defendants on notice as to the nature and basis of the claim(s). *See Brazil v. U.S. Dept. of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

A "complaint [filed by a *pro se* plaintiff] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Hebbe*, 627 F.3d at 342 (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002). "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Id.* at 514, 122 S.Ct. at 998 (quoting *Hison v. King & Spaulding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)) (alterations in original); *see also Johnson, et al. v. City of Shelby, Mississippi*, — U.S. —, 135 S.Ct. 346, 346 (2014) ("Federal pleading rules call for 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. Rule Civ. Proc. 8(a)(2); they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted").

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." *Pliler v.*

*Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).

## III. COMPLAINT

Plaintiff's Complaint alleges that "Dr. Fochesatto, caused plaintiff A-fib and permanent lung damage in a very nasty hospital in Douglas AZ [sic] that has been closed for being nasty by the health department." Compl. (Doc. 1) at 2. Plaintiff seeks "one billion dollars cash within thirty (30) days because they have shortened Plaintiffs [sic] very life." *Id.* at 2.

## IV. FAILURE TO STATE A CLAIM

### A. *Insufficient Factual Basis*

Plaintiff's Complaint (Doc. 1) does not contain any facts beyond mere allegations that she suffered an injury. Such "the-defendant-unlawfully-harmed-me" accusations are insufficient to state a claim under Rule 8, Federal Rules of Civil Procedure. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Additionally, Plaintiff's vague allegations are directed only at Dr. Fochesatto. *See* Compl. (Doc. 1). The Complaint (Doc. 1) is devoid of any allegations of wrongdoing as to the other named defendants. As such, Plaintiff's Complaint (Doc. 1) fails to provide sufficient detail to put defendants on notice as to the nature and basis of her claims. *See Brazil v. U.S. Dept. of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). Accordingly, Plaintiff's Complaint (Doc. 1) should be dismissed with leave to amend.

## V. WARNINGS

### A. *Motions to dismiss*

A motion pursuant to Rule 12(b), Federal Rules of Civil Procedure, is discouraged if the defect can be cured by filing an amended pleading. Therefore, prior to filing a motion to dismiss, Defendants shall notify Plaintiff of Defendants' intent to file a motion to dismiss and provide Plaintiff with at least 5 business days in which to cure alleged defects in the Complaint by amendment. The duty to provide this notification also applies to parties appearing *pro se*. Consequently, motions to dismiss must be accompanied by a certification indicating that Defendants have provided Plaintiff with the required notice and that Plaintiff has failed timely to respond to the notice or elected not to amend the Complaint. In addition, parties shall endeavor not to oppose motions to amend that are filed prior to the Scheduling Conference or within the time set forth in the Rule 16 Case Management Order. Motions to dismiss that do not contain the required certification are subject to be stricken on the Court's motion.

### B. *Rules of Court*

Plaintiff shall familiarize herself with the Federal Rules of Civil Procedure and Local Rules for the District of Arizona, both of which can be found on the Court's web site at www.azd.uscourts.gov. Plaintiff is advised that a Handbook for Self-Represented Litigants is available on the Court's website at: http://www.azd.uscourts.gov/handbook-self-represented-litigants. In addition, Step Up to Justice offers a free, advice-only clinic for self-represented civil litigants on Thursdays from 1:30 p.m. to 3:30 p.m. If Plaintiff

wishes to schedule a clinic appointment, she should contact the courthouse librarian, Mary Ann O'Neil, at MaryAnn_O'Neil@LB9.uscourts.gov.

### C. *Amended Complaints*

An amended complaint supersedes the original Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the original Complaint is treated as nonexistent. *Ferdik*, 963 F.2d at 1262. Thus, grounds for relief alleged in the original Petition that are not alleged in an amended petition are waived. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

### D. *Address Changes*

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### E. *Copies*

Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv. 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### F. *Possible Dismissal*

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action

for failure to comply with any order of the Court).

## VI. RECOMMENDATION

For the reasons delineated above, the Magistrate Judge recommends that the District Judge enter an order:

(1) GRANTING Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2); and

(2) DISMISSING Plaintiff's Complaint (Doc. 1) WITH LEAVE TO AMEND.

Pursuant to 28 U.S.C. § 636(b) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). No replies shall be filed unless leave is granted from the District Court. If objections are filed, the parties should use the following case number: **CV-17-0118-TUC-JGZ**.

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may result in waiver of the right of review. The Clerk of the Court shall send a copy of this Report and Recommendation to all parties.

Dated this 15th day of May, 2017.

Honorable Bruce G. Macdonald
United States Magistrate Judge